# **<u>EXHIBIT 3</u>**

IN THE PROBATE COURT FOR RUTHERFORD COUNTY AT
MURFREESBORO, TENNESSEE

IN THE MATTER OF:

THE CONSERVATORSHIP OF
WILLIAM HERMAN SMITHSON JR,

Ward.

### REPLY TO RESPONSE OF TEMPORARY CONSERVATOR

Comes Now, Kyle Smithson, by and through counsel, John Robert Toy II, and respectfully replies to the Response filed by the Temporary Conservator regarding the Motions for Declaratory Judgment, to Amend Order, and Motion to Direct Clerk.

The relevant replies are as follows:

As to the claims of financial actions of Kyle Smithson:

1. This Court, on March 10, 2017, terminated Kyle Smithson's agency authority under William Herman Smithson Jr.'s Durable Power of Attorney;

2. Kyle Smithson has had no further authority over his father's assets or income since that time;

3. It is, therefore, inaccurate to state that Kyle Smithson is still depleting his father's financial resources;

4. The recitation of alleged financial actions listed in the Response are not relevant to any of the motions the Response supposedly addresses;

5. Kyle Smithson does not deny that he undertook certain acts that necessitated the appointment of a fiduciary over his father's estate;

6. Kyle Smithson accepts that these actions directly resulted in the determination by this Court that his father needed a Conservator and resulted in the revocation of his authority under the Durable Power of Attorney;

7. Upon the Court's determination that William Herman Smithson Jr. needed a Conservator, the segregation of funds between William Herman Smithson Jr. and his wife, Lenelle Smithson and between William Herman Smithson Jr. and Kyle Smithson became necessary;

8. Prior to that determination, the funds of William Herman Smithson Jr. were family resources, as is the case with nearly all families;

9. Kyle Smithson maintains that any actions he took were not intended to be a detriment to his father, but were a result of his upbringing where both his mother and father gave him, as an only child, anything he wanted;

10. Kyle Smithson does not view this as an excuse for his unwise choices, simply as the reason behind them;

11. The recitation in the Response attributing statements to Lenelle Smithson are inappropriate, as Mrs. Smithson cannot be called to confirm or deny any of these statements or to provide context for her allowing Kyle Smithson's choices to be supported or, at least, go unchallenged by her;

12. It is Kyle Smithson's contention, supported by the GAL Report dated February 21, 2011, that his mother had knowledge and approved of all of the financial actions he undertook;

As to the Response regarding the Motion to Amend Order:

13. The Court has ruled on this matter;

As to the Proposed Property Management submitted by Lenelle Smithson:

14. Again, statements attributed to Mrs. Smithson are inappropriate as Mrs. Smithson cannot be called to confirm or deny any of these statements;

15. The Proposed Property Management Plan submitted by the Temporary Conservator on or about June 4, 2019 lists the Note income for William Herman Smithson Jr. as $2,366.67, but this income is listed as $3,500.00 in the Accountings;

16. Other than that discrepancy, there is no further objection to the Property Management Plan;

As to the Note:

17. The Court has ruled on this matter;

As to the accusation the Kyle Smithson committed perjury:

18. Kyle Smithson did not commit perjury because, at the time, he believed that he had engaged the services of professional tax preparers to handle the taxes. This belief turned out to be incorrect, but that fact does not negate his sincerely held belief that the tax returns had been handled. This is simply an example of Kyle's lack of understanding of financial matters during the time he was the agent under his father's Durable Power of Attorney;

As to the ATT DIRECTTV bill:

19. It is true that William Herman Smithson Jr. did not and does not have DIRECTTV at Adam's Place, but the DIRECTTV was a service of Lenelle Smithson's at her personal residence;

20. Kyle Smithson was under the impression that debts of Mrs. Smithson were to be forwarded to the Conservatorship Estate;

As to the Conservatorship Accountings:

21. The filing of the Accounting fulfilled the request made under the respective Motion;

22. The Accountings appear to be in order, and no objection to the Accountings is made;

As to the Request for an accounting by Kyle Smithson:

23. Kyle Smithson accepts that he mismanaged his parents and his own finances prior to April 2017;

24. Kyle Smithson, however, does not have any funds from which to repay the Conservatorship;

25. Further, the matter of actions taken by Kyle Smithson were resolved by this Court in its Order dated March 10, 2017, and as such is considered a final matter for this Court until such time as the final order closing the Conservatorship is issued;

Wherefore, Kyle Smithson respectfully requests the Court deny the Temporary Conservator's request for Kyle Smithson to make an accounting of funds prior to April 2017.

Respectfully submitted on this the 28 day of June, 2019.

_John Robert Toy II, #031400_
Counsel for Kyle Smithson
745 South Church Street, #240
Murfreesboro, TN 37130
P:(615) 896-2727 | F:(615) 896-3121

## Certificate of Service

I hereby certify that I have forwarded a true and exact copy of the foregoing document by
( ) U.S. Mail, postage prepaid, ( ) Fax, (X) Email, (X) Hand Delivery, to the parties listed
below this the __28__ day of __June__, 20__19__.

B. Jo Atwood, BPR #1981
*Temporary Conservator for William H. Smithson Jr.*
144 Uptown Square
Murfreesboro, TN 37129
615-895-2421

Bonita Tucker
*GAL*
8 North Public Square
Murfreesboro, TN 371330
bonita84@bellsouth.net

John Robert Toy II, Esq.