# **EXHIBIT 4**

## IN THE PROBATE COURT FOR RUTHERFORD COUNTY, TENNESSEE
## AT MURFREESBORO

IN THE MATTER OF:
Conservatorship of William Herman Smithson, Jr.,
a Disabled Person.

B. JO ATWOOD, Conservator for
William Herman Smithson, Jr.

      Petitioner,

v.

KYLE SMITHSON

      Respondent.

---

### VERIFIED COMPLAINT AND PETITION FOR INJUNCTIVE RELIEF

Comes now the Petitioner, your Conservator, B. Jo Atwood, and brings the following Verified Complaint and Petition for Injunctive Relief against Respondent, Kyle Smithson, to enjoin Respondent from removing, conveying, selling, giving, contracting to sell or otherwise transferring any further personal property of William Herman Smithson, Jr. ("Ward") to be found at 2925 Beasley Road, Chapel Hill, Tennessee ("Property") and would show the Court the following:

### I. PARTIES

1.     Petitioner, B. Jo Atwood, is Conservator for William Herman Smithson, Jr. and resides in Rutherford County, Tennessee.

2.     Respondent, Kyle Smithson, is the son of William Herman Smithson, Jr. and resides in Rutherford County, Tennessee.

### II. JURISDICTION AND VENUE

3.     Jurisdiction is proper in this Court pursuant to T.C.A. §16-10-101. Venue is proper in this Court as this Court has jurisdiction over the person and property of the Ward.

1

## III. FACTS

4. On March 10, 2017, Petitioner was named Conservator for the Ward by Order of this Court.

5. Kyle Smithson was removed as fiduciary for the Ward by the same Order.

6. On December 11, 2018, Lenelle Smithson, spouse of the Ward, died.

7. On or about January 15, 2019, this Honorable Court issued an Order granting your Conservator the authority to sell the personal and real property of the Ward.

8. After the hearing on January 15, 2019, counsel for Kyle Smithson inquired as to the removal of Kyle Smithson's personal property. Your Conservator advised that Kyle Smithson would have 30 days to remove his personal property and any items of his parents that he wished to keep. Your Conservator was aware the deceased mother of Kyle Smithson would have desired for him to have certain personal property to keep in remembrance of her.

9. On or about January 28, 2019, your Conservator sent an email to counsel for Kyle Smithson to advise a Contract for Sale at Auction had been executed and to remind counsel that Kyle Smithson had until February 15, 2019 to remove all of his personal property. A copy of said email is attached hereto as Exhibit "A".

10. On or about February 2, 2019, counsel for Kyle Smithson advised that his client would have everything that he wanted out of the house by February 15, 2019.

11. On February 12, 2019, the aunt of Kyle Smithson, Cindy Homan, contacted your Conservator inquiring as to whether she could look through the personal property that Kyle Smithson told her he had delivered to the Conservator's office as she was looking for the family Bible. Your Conservator advised Ms. Homan that no personal property had been delivered. Ms. Homan then advised that Kyle Smithson had employed an auctioneer to hold an estate sale on

Friday February 8th, Saturday February 9th and Sunday February 10th. Kyle Smithson advised her that he was selling all of the items because he needed money.

12. Your Conservator proceeded to search online for any information pertaining to the sale. The search revealed the sale was conducted by a company known as Ole Grapevine in Shelbyville, Tennessee which is owned by Eddie Murray. The listing for the estate sale states liquidating entire household and personal property. A copy of the estate sale information is attached hereto as Exhibit "B".

13. On February 12, 2019, your Conservator contacted Mr. Murray as to the sale and requested he not disburse any proceeds from the sale until further Orders are received from this Court. Kyle Smithson advised Mr. Murray he had authority to sell all of the personal property. Mr. Murray was not aware that William Herman Smithson, Jr. was not deceased. Your Conservator further contacted counsel for Kyle Smithson as to the estate sale. Mr. Toy indicated he was aware of the estate sale.

14. Kyle Smithson did not have any authority to sell any of the personal property of Ward and has attempted to enrich himself to the detriment of the Ward. The Order of the Court clearly stated the sale of the personal property of the Ward would be conducted by the Conservator.

15. Kyle Smithson did not have any authority to sell any of the personal property of Ward and has attempted to enrich himself to the detriment of the Ward. The Order of the Court clearly stated the sale of the personal property of the Ward would be conducted by the Conservator.

## IV. CAUSE OF ACTION
## TEMPORARY RESTRAINING ORDER

16. The allegations contained in paragraphs 1-15 hereinabove are incorporated herein by this reference as if fully set forth herein.

17. Unless Respondent is enjoined from removing, conveying, selling, giving, contracting to sell or otherwise transferring any further personal property to be found at the Property, the Ward will be immediately and irreparably harmed.

18. Unless all monies from the "Estate Sale" conducted by Ole Grapevine held by the Respondent and/or any third parties are remitted to the Conservator for the benefit of the Ward, the Ward will be immediately and irreparably harmed.

19. Petitioner alleges Respondent misrepresented himself as personal representative of the Estate of Lenelle Smithson and the non-existent Estate of William Herman Smithson, Jr. in his dealings with Ole Grapevine to effectuate the sale of the personal property of the Ward to be found at the Property on February 8-10, 2019.

20. The actions of the Respondent in in his dealings with Ole Grapevine was either intentional misrepresentation or negligent misrepresentation.

21. Kyle Smithson has engaged in a course of conduct which exhibits utter indifference for the Order of this Court.

WHEREFORE PREMISES CONSIDERED, Petitioner prays as follows:

1. That process issue and be served upon the Respondent, and same be required to answer the Petition.

2. That, upon due notice to Respondent, the Court conduct a hearing on the injunctive relief requested by Petitioner and enter an Order granting the same.

3. That the Court order the remittance of all monies from the "Estate Sale" conducted by Ole Grapevine held by the Respondent and/or any third parties to the Conservator for the benefit of the Ward.

4. That Petitioner be awarded attorney's fees, discretionary costs and court costs.

4

5. That Petitioner be granted such additional relief as the Court may deem proper under the circumstances.

                                                                        _____
                                                                        B. JO ATWOOD, BPR #11981
                                                                        Conservator for William Herman
                                                                        Smithson, Jr.
                                                                        144 Uptown Square
                                                                        Murfreesboro, Tennessee 37129
                                                                        Telephone: (615) 895-2421
                                                                        Facsimile: (615) 895-2422

STATE OF TENNESSEE     )
                                             :ss
COUNTY OF RUTHERFORD)

I, B. Jo Atwood, the Petitioner herein, being duly sworn in accordance with law, depose and say that the statements contained in the foregoing Petition are true and correct to the best of my knowledge except as to matters therein stated to be on information and belief, and these matters I believe to be true.

                                                                        _____
                                                                        B. JO ATWOOD

SUBSCRIBED and sworn to before me on this the 13th day of February, 2019.

                                                                        _____
                                                                        NOTARY PUBLIC

My Commission Expires: 9/19/21

## SURETY

I am surety for costs in this cause not to exceed the sum of $500.00.

*B. Jo Atwood* (signature)

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was filed with the Probate Clerk for service of process on the Respondent on this 3⁴ day of February, 2019.

John Robert Toy II
745 South Church St. #240
Murfreesboro, TN 37130
john@parkertoylaw.com

Bonita Tucker
Guardian Ad Litem
8 North Public Square
Murfreesboro, TN 37130
bonita84@bellsouth.net



B. JO ATWOOD