IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KM ORGANIC FUND, INC. and<br>CAMMARATA MANAGEMENT, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM KYLE SMITHSON,<br><br>    Defendant. | NO. 3:20-cv-01016<br>JUDGE RICHARDSON |

## **MEMORANDUM OPINION**

Pending before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 2). Plaintiffs have filed a Supplemental Brief in Support of Jurisdiction (Doc. No. 11), and Defendant has filed a Supplemental Brief Contesting Jurisdiction (Doc. No. 13).

### **BACKGROUND**

Plaintiffs' Complaint in this action asks the Court to enjoin Defendant from dissipating assets that belonged to his late father[1] in order to preserve those assets for a potential, though currently non-existing, judgment Plaintiffs ultimately might receive in a pending Florida state

---

[1] Plaintiffs assert that those assets are being administered by the Rutherford County, Tennessee Probate Court. Defendant claims that Plaintiffs first attempted to obtain the relief sought herein in the Probate Court and were denied. (Doc. No. 13 at 2).

court action.[2] In the Complaint, Plaintiffs seek a writ of attachment and injunctive relief, which are both *remedies*, but set forth no underlying cause of action in this Court.

Plaintiffs assert that the Court has personal jurisdiction over Defendant, who resides in this district, and subject-matter jurisdiction based upon diversity of citizenship of the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Plaintiffs assert their entitlement to a writ of attachment pursuant to Fed. R. Civ. P. 64 and Tenn. Code Ann. §§ 29-6-101, *et seq.*

## ANALYSIS

A core tenet of Article III is that federal courts may adjudicate only actual, ongoing cases or controversies. *Wilson v. Gordon*, 822 F.3d 934, 941 (6th Cir. 2016). Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute. *Gunn v. Minton,* 568 U.S. 251, 256 (2013). The party asserting the Court's jurisdiction has the burden of proving that the Court has subject-matter jurisdiction over his or her case. *Ammons v. Ally Fin., Inc.* 305 F. Supp. 3d 818, 820 (M.D. Tenn. 2018).

The procedural authority Plaintiffs cite for seeking attachment of assets in the possession (or soon-to-be possession) of Defendant is Federal Rule of Civil Procedure 64, which provides:

> (a) Remedies Under State Law--In General**.** At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.

Fed. R. Civ. P. 64(a). The specific remedies available under Rule 64 include attachment. Fed. R. Civ. P. 64(b). Thus, the very statute upon which Plaintiffs rely defines attachment as a *remedy*, not

---

[2] Plaintiffs identify their claim against Defendant in the Florida state court action as a counterclaim in *Virtual Mountain Capital, LLC v. Michael Cammarata, et al.*, pending in the Circuit Court for Palm Beach County, Florida.

a cause of action. Likewise, injunctive relief (which Plaintiffs also seek in this action) is a *remedy*, not a separate cause of action.[3]

Rule 64 permits a plaintiff to utilize the state prejudgment *remedies* available to secure a judgment that might ultimately be rendered in an action. *Tauwab v. Barry*, No. 5:13cv2036, 2014 WL 4245967, at *10 (N.D. Ohio Aug. 25, 2014). It is clear from the language of the rule that its purpose is to ensure that a fund will be available with which to satisfy a money judgment. *Id.* But the state prejudgment remedies available under Rule 64 are just that—remedies—and not separate causes of action.

"Attachment is an ancillary remedy by which a plaintiff acquires a lien upon the property of a defendant in order to obtain satisfaction of a judgment that the plaintiff may ultimately obtain at the conclusion of the litigation." *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1521 (11th Cir. 1994), *cited in Jireh, Inc. v. Champa*, No. 1:18-cv-3076-AT, 2020 WL 5106862, at *3 (N.D. Ga. Aug. 30, 2020). To commence a federal action, seizure of property, garnishment of claims, or other in rem procedures are not enough. *Tanko v. Saperstein*, 149 F. Supp. 317, 322 (N.D. Ill. 1957). Attachment is only an incident of the suit, and not a means of obtaining jurisdiction. The promulgation of Rule 64 of the Federal Rules of Civil Procedure did

---

[3] Different courts have made this point with various similar verbal formulations. A request for a preliminary injunction is not an independent cause of action; it a procedural device that seeks a remedy for a cause of action. *Wert v. Vanderbilt Univ.*, No. 3:20-cv-00140, 2020 WL 5039466, at *2 (M.D. Tenn. Aug. 26, 2020). Injunctive relief is not a separate cause of action, but rather the subject of a motion for preliminary injunction. *East Side Plating, Inc. v. City of Portland*, No. 3:18-cv-01664-YY, 2019 WL 3979658, at *8 (D. Or. July 11, 2019). It is a remedy, i.e., a type of relief. *Id.* It is well-settled that an injunction is a remedy, not a separate claim or cause of action. *Albert v. Embassy of Music GMBH*, No. 5:19-cv-06652-EJD, 2020 WL 4284830, at *4 (N.D. Cal. July 27, 2020).

not affect this principle. *Id.* at 323; *see also Grapette Co., Inc. v. Grapette Bottling Co.*, 102 F. Supp. 517, 519 (D. P.R. 1952) (in federal court, attachment is but an incident to a lawsuit; jurisdiction cannot be acquired by means of attachment); *Davis v. Ensign-Bickford Co.*, 139 F.2d 624, 626 (8th Cir. 1944) (same).

Rule 64 makes available to the Court all *remedies* providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action and provides that – unless prohibited by the Constitution or an applicable federal statute – such remedies are available under the circumstances and in the manner provided by the law of the state in which the district court is held. *Jireh,* 2020 WL 5106862, at *3. Rule 64 specifically lists attachment as one such available remedy. *Id.* Therefore, in all cases in federal court, "state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered." *Id.* (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 437 n.10 (1974)).[4]

The only federal case cited by Plaintiffs on this issue is a case in which an underlying cause of action already existed in this Court. In *Eberhard v. Physicians Choice Lab. Servs., LLC,* No. 3:15-0156, 2016 WL 6432794 (M.D. Tenn. Oct. 31, 2016), the Court had federal subject-matter

---

[4] The state law upon which Plaintiffs rely to obtain the requested writ of attachment provides that "[a]ny person having a debt or demand due at the commencement of an action, or a plaintiff after action for any cause has been brought, and either before or after judgment, may sue out an attachment at law or in equity, against the property of a debtor or defendant," in specific cases. Tenn. Code Ann. § 29-6-101. Plaintiffs rely upon the following specific case listed: "Where the debtor or defendant has fraudulently disposed of, or is about fraudulently to dispose of, the property." Tenn. Code Ann. § 29-6-101(6). Defendant has represented that the state court that apparently has jurisdiction over the *res*—that is, the property for which Plaintiffs seek attachment—refused to grant such a writ.

jurisdiction over the retaliation claim of the plaintiff, pursuant to the False Claims Act, 31 U.S.C. § 3730(h), before the motion for attachment (which was Doc. No. 80 in the case) was filed. Therefore, the Court's jurisdiction was existing, and the remedy for attachment was sought in a pre-existing case. The case of *New York Cas. Co. v. Lawson*, 24 S.W. 2d 881 (Tenn. 1930), also cited by Plaintiffs, was a state court action, not involving the jurisdiction of a federal court at all (or, for that matter, Fed. R. Civ. P. 64). The underlying lawsuit was a suit to enjoin enforcement of an existing judgment. *Id.* at 882. The other Tennessee state court cases cited by Plaintiffs are also irrelevant because they did not involve federal court jurisdiction (or Rule 64). Moreover, these old state court cases did not involve a jurisdictional challenge on the grounds of no underlying cause action because there *were* underlying causes of action.

     The fact that statutory grounds may exist under state law for the attachment of Defendant's assets does not alone create jurisdiction in this Court. Defendant's conclusory assertion that "jurisdiction turns on whether Plaintiffs have complied with the statute's jurisdiction requirements" provides no help since Plaintiffs point to no authority stating such a proposition. Indeed, the state statutes upon which Plaintiffs rely say nothing about federal court jurisdiction. The fact that there is a dearth of recent cases in the Sixth Circuit (or other courts) concerning this issue belies, rather than supports, Plaintiffs' assertion of jurisdiction.[5] Plaintiffs have not pointed the Court to a single case in which a writ of attachment was issued in federal court despite there being no underlying cause of action.

---

[5] The Court tends to believe that this dearth arises from the fact that it has been a long time since litigants (or at least the great majority of them) would even have attempted to base subject-matter jurisdiction solely on the alleged need for attachment or injunctive relief related to a case pending in another court.

As the above-cited cases demonstrate, a prejudgment attachment and related injunctive relief (under Fed. R. Civ. P. 64 and 65) are, by their nature, dependent on the existence of an underlying cause of action before the federal court in which such relief is sought (and not just *some* court *somewhere*). If the Florida state court issues judgment in favor of these Plaintiffs against this Defendant, then Plaintiffs may be able to ask this Court to *enforce* such a judgment; but with no underlying cause of action before it, the Court must deny Plaintiffs' request for an attachment and injunctive relief and, lacking subject-matter jurisdiction, dismiss this action.[6]

## CONCLUSION

For these reasons, Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 2) will be denied, and this action will be dismissed for lack of subject-matter jurisdiction.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[6] In light of there being no underlying cause of action, the Court need not address the issue of whether the jurisdictional amount for diversity jurisdiction is met in this case.